IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP GARRY BETHONEY,

    Plaintiff,

vs.                                          Civ. No. 05-0050 JP/DJS

CONTINENTAL CASUALTY COMPANY
and HI ROBERTS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On September 1, 2005, the Court denied Plaintiff's Motion to Remand Cause to State District Court (Doc. No. 5) and denied as moot Defendants' Motion to Dismiss Complaint or for Summary Judgement (Doc. No. 2). Memorandum Opinion and Order (Doc. No. 20). The grounds for these rulings were the Court's findings that 1) Bob Turner Ford Country's (Turner) voluntary long term disability (LTD) insurance plan was not excluded from the Employee Retirement Income Security Act (ERISA) under the "safe harbor" provision provided in 29 C.F.R. §2510.3-1(j); 2) ERISA completely preempted the Plaintiff's state action; and 3) that this Court has federal question jurisdiction under ERISA.

On September 12, 2005, the Plaintiff filed Plaintiff's Motion to Set Aside Its [sic] Memorandum Opinion and Order Denying Plaintiff's Motion to Remand Cause to State District Court and Denying as Moot Defendants' Motion to Dismiss or for Summary Judgment (Doc. No. 21). On December 1, 2005, the Court denied Plaintiff's motion to set aside the Court's September 1, 2005 Memorandum Opinion and Order and allowed Plaintiff until December 15, 2005 to renew that motion "if the deposition testimony of Sandie Alexander, Billy Cappelle or Hi

Roberts provides a basis, consistent with Rule 11 of the Federal Rules of Civil Procedure, for renewing the motion...." Order at 3 (Doc. No. 31). On December 15, 2005, the Plaintiff filed Plaintiff's Renewed Motion to Set Aside September 1, 2005, Memorandum Opinion and Order Denying Plaintiff's Motion to Remand Cause to State District Court and Denying as Moot Defendants' January 18, 2005, Motion to Dismiss Complaint or for Summary Judgment (Doc. No. 36). Plaintiff also filed on December 15, 2005 Plaintiff's Counter-Motion for Summary Judgment on the Issue of ERISA "Safe Harbor" Exemption (Doc. No. 37). Then, on December 23, 2005, the Defendants filed a Motion to Strike Jury Demand (Doc. No. 43).

Having considered the briefs and relevant law, the Court finds that 1) Plaintiff's renewed motion to set aside the September 1, 2005 Memorandum Opinion and Order should be granted in part in that complete ERISA preemption does not apply to Plaintiff's claims against Defendant Hi Roberts; 2) Defendants' motion to strike Plaintiff's jury demand should be granted in part in that Plaintiff's jury demand with respect to Defendant CNA should be stricken; and 3) Plaintiff's counter-motion for summary judgment should be denied as now moot.

A.  Background

Once a Turner employee successfully completes a probationary period of employment, that employee becomes eligible to enroll in LTD insurance as well as other insurance programs offered by Turner. In fact, Turner's Employee Handbook states that Turner "will offer eligible employees group medical insurance and offer group life, disability and other benefits." Defendants' Ex. D at 3 ( (attached to Defendants' Response to Plaintiff's Counter Motion for Summary Judgment (Doc. No. 48), filed Jan. 9, 2006). The Employee Handbook further states that "[w]e will deduct from your pay contributions to group benefits that you, as an eligible

employee, have chosen to enroll in." *Id*. at 10.

In order to provide LTD insurance to its employees, Turner requested that Defendant Roberts, Turner's insurance agent, find a quality, well-priced LTD insurance plan for its employees. To aide Defendant Roberts in his search for a suitable LTD insurance plan, Turner provided Defendant Roberts with a census of its employees. Upon completion of his search for a LTD insurance plan, Defendant Roberts presented Turner management with Defendant Continental Casualty Company's (CNA) "A Proposal of Voluntary Group Long-Term Disability Insurance" (Proposal).[1]

Although Turner decided to offer the CNA LTD to its employees, a certain number of employees had to enroll in the LTD insurance plan before it could be made available to the employees. Those employees who wanted the LTD insurance were responsible for paying the premiums; Turner did not pay any of those premiums. Even so, the employee enrollment forms for the LTD insurance had "Bob Turner Ford Country" printed on the top right hand corner. Plaintiff's Ex. 26 at 000066 (attached to Appendix of Exhibits to Plaintiff's Response in Opposition to Defendants' January 18, 2005, Motion to Dismiss Complaint or for Summary Judgment (Doc. No. 41), filed Dec. 15, 2005).

Turner also held mandatory employee meetings to explain the various insurance coverages offered to its employees. Gary Chilcoat, the general manager at Turner during the relevant period, as well as Defendant Roberts, attended those meetings. Mr. Chilcoat does not "recall mentioning participation requirements or encouraging [Turner] employees to enroll in the

---

[1] Defendant Roberts presented only this Proposal to Turner because he believed that the Proposal was the "best deal" for LTD insurance.

3

disability program" at those meetings. Plaintiff's Ex. 11 at 000026 ¶11. Defendant Roberts, on the other hand, stated in his deposition testimony that Mr. Chilcoat "recommended the program and the quality of the program for anybody that felt a need to ensure their income...." Defendants' Ex. A at 42. Moreover, in an informational flyer advertising Turner's "complete benefits package" including the availability of LTD insurance from CNA, Turner stated that

> CNA is one of the world's premier insurance organizations, ranking among the top 10 US insurance groups. During its 100 year history, CNA has built a reputation for leadership in insurance and risk management, financial strength and unwavering commitment and reputation.

Plaintiff's Ex. 23 at 000059. CNA apparently prepared the language for that flyer. *Id*. at 000062.

Once Turner obtained the CNA LTD insurance, Defendant Roberts would have given Turner a Long Term Disability Insurance Program Administration Manual (administration manual). The individual insured employees did not usually receive this administration manual. Plaintiff's Ex. 11 at 000024. The administration manual described the employer's duties with respect to processing LTD disability claims. Sandie Alexander's duties as Turner's officer manager included performing those ministerial tasks related to filing LTD claims with CNA.[2]

---

[2] With respect to Plaintiff's claims for short term disability insurance, Ms. Alexander filled out those portions of the claims to be completed by the employer. Ms. Alexander also faxed Plaintiff's claims for short term disability insurance to CNA although Ms. Alexander did not believe that she was required to do so. In addition, Ms. Alexander filled out a Physical Demands Analysis for Plaintiff's short term disability insurance claims. Finally, at Ms. Alexander's request, Billy Cappelle, Plaintiff's supervisor, gave Ms. Alexander a letter in support of Plaintiff's claim of disability.

B. Discussion

      1. Plaintiff's Motion to Set Aside the September 1, 2005 Memorandum Opinion and Order, and Defendants' Motion to Strike Jury Demand

Plaintiff argues in his motion to set aside the September 1, 2005 Memorandum Opinion and Order that Turner's LTD insurance plan is exempt from ERISA under the safe harbor provision and that, therefore, this case should be remanded to state court based on the state claims raised in the complaint.[3]  The safe harbor provision excludes from ERISA coverage insurance plans "in which (1) no contribution is made by the employer; (2) participation in the program is completely voluntary for the employees; (3) the sole functions of the employer are to permit the insurer to publicize the program to employees and to collect premiums through payroll deductions; and (4) the employer receives no consideration in connection with the program." *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 463 (10th Cir. 1997).  The parties agree that elements (1), (2), and (4) of the safe harbor provision have been met.  The sole issue before the Court is whether Turner's only function with respect to the LTD insurance plan was to publicize the LTD insurance plan and collect the employees' premiums through payroll deductions.

An insurance plan falls outside the safe harbor provision when an employer's action "offends the ideal of employer neutrality" by going beyond merely publicizing an insurance plan and collecting premiums from employees. *Johnson v. Watts Regulator Co.*, 63 F.3d 1129, 1134 (1st Cir. 1995).  In other words, the safe harbor provision does not apply if an employer endorses an insurance plan.  "[A]n employer will be said to have endorsed a program within the purview of

---

[3]Plaintiff concedes that if Turner's LTD insurance plan is not exempted under the safe harbor provision, at least the claims against Defendant CNA would be subject to ERISA.

5

the ... safe harbor regulation if, in light of all the surrounding facts and circumstances, an objectively reasonable employee would conclude on the basis of the employer's actions that the employer had not merely facilitated the program's availability but had exercised control over it or made it appear to be part and parcel of the company's own benefit package." *Id*.

In this case, an objectively reasonable employee would conclude that the following circumstances show that Turner exercised control over the LTD insurance plan. First, without any input from its employees, Turner alone chose the CNA LTD insurance plan to offer its employees. Second, Turner did not offer any other comparable LTD insurance plans for its employees to choose from. Third, Turner required its employees to attend mandatory meetings at which Defendant Roberts described the importance of enrolling in the LTD insurance plans in order to meet the minimum enrollment requirement for the group plan. Fourth, Turner alone determined employee eligibility for enrollment in the LTD insurance plan. Fifth, Turner set the parameters of the LTD insurance Proposal by providing Defendant Roberts with a census of its employees. And sixth, Turner was involved in administering the LTD insurance plan by having Ms. Alexander perform various administrative duties as set forth in the administration manual. In fact, Plaintiff dealt quite a bit with Ms. Alexander in getting his various disability claims processed and sent to CNA.

Moreover, a reasonably objective employee would also have concluded that Turner endorsed the LTD insurance plan based on the following circumstances. First, Turner's name appears on the employee enrollment form for the LTD insurance. Second, the informational flyer Turner gave to employees stated that Turner was providing a "complete benefits package" including, presumably, the LTD insurance which is described later in the flyer. Finally, the Turner

flyer endorsed the CNA insurance products by noting that CNA is a "premier insurance organization" which has an "unwavering commitment and reputation." An employee reading the flyer would have assumed that Turner prepared the flyer even if CNA had actually prepared the it. In sum, the Court finds that Turner fails to meet the third requirement of the safe harbor provision.[4] Consequently, the LTD insurance plan is subject to ERISA.

Although the LTD insurance plan is subject to ERISA, another ERISA preemption issue arises for the first time in the context of Defendants' Motion to Strike Jury Demand. In response to the Defendants' Motion to Strike Jury Demand, the Plaintiff concedes that if the Court finds that the LTD insurance plan falls under ERISA, then he is not entitled to a jury trial on his claims against Defendant CNA. Plaintiff argues, however, that he would still be entitled to a jury trial on his claims against Defendant Roberts even though ERISA applies to the LTD insurance plan. Implicit in this argument is that Defendant Roberts is not a proper ERISA defendant.[5]

Employee benefit plans are the usual defendants in ERISA lawsuits. Paul J. Schenieder and Barbara W. Freedman, *ERISA: A Comprehensive Guide (2nd Ed.)*, §8.03[B] at 8-6 (2003) (citing 29 U.S.C. §1132(d)(1)). Other entities like insurance companies can also be ERISA defendants if they administer the ERISA benefits plans by exercising discretionary authority or control over those plans. *See, e.g., Brant v. Principal Life and Disability Ins. Co.*, 6 Fed. Appx. 533, 535 (8th Cir. 2001)(citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113

---

[4] The Defendants also argue, in the alternative, that because the LTD insurance is part of a total package of insurance plans provided by Turner including some plans which are subject to ERISA, the LTD insurance plan would also be subject to ERISA. Since the Court finds that the safe harbor provision is inapplicable, the Court does not need to address this alternative argument.

[5] The Defendants did not file a reply with respect to their Motion to Strike Jury Demand.

(1989)); *Williams v. UNUM Life Ins. Co. of America*, 250 F.Supp.2d 641, 645 (E.D. Va. 2003). In this case, there are no allegations that Defendant Roberts somehow administered the LTD insurance plan. Rather, Defendant Roberts simply sold the LTD insurance plan to Turner and its employees. Defendant Roberts, therefore, is not a proper ERISA defendant. In this situation, the Court can bifurcate the Plaintiff's claims so that the Court decides the ERISA claims against Defendant CNA without a jury while a jury decides the state claims against Defendant Roberts. *See ERISA: A Comprehensive Guide* §8.03[L] at 8-22 to 8-23. Consequently, Plaintiff's renewed motion to set aside the September 1, 2005 Memorandum Opinion and Order will be granted in part in that complete ERISA preemption does not apply to Plaintiff's claims against Defendant Roberts, and Defendants' Motion to Strike Jury Demand will be granted in part only as to Plaintiff's ERISA claims against Defendant CNA.

2. Plaintiff's Counter-Motion for Summary Judgment

Because the Plaintiff's counter-motion for summary judgment is based on the safe harbor issues already raised and addressed in the September 1, 2005 Memorandum Opinion and Order as well as in this Court's discussion of Plaintiff's renewed motion to set aside the September 1, 2005 Memorandum Opinion and Order, the Plaintiff's counter-motion for summary judgment should be denied as redundant and therefore, moot.

IT IS ORDERED that:

1. Plaintiff's Renewed Motion to Set Aside September 1, 2005, Memorandum Opinion and Order Denying Plaintiff's Motion to Remand Cause to State District Court and Denying as Moot Defendants' January 18, 2005, Motion to Dismiss Complaint or for Summary Judgment (Doc. No. 36) is granted in part in that complete ERISA preemption does not apply to Plaintiff's

claims against Defendant Roberts;

    2.  Defendants' Motion to Strike Jury Demand (Doc. No. 43) is granted in part in that Plaintiff's demand for a jury trial on his ERISA claims against Defendant CNA is stricken; and

    3.  Plaintiff's Counter-Motion for Summary Judgment on the Issue of ERISA "Safe Harbor" Exemption (Doc. No. 37) is denied as moot.

_____
SENIOR UNITED STATES DISTRICT JUDGE