IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP GARRY BETHONEY,

     Plaintiff,

vs.                                                           Civ. No. 05-0050 JP/DJS

CONTINENTAL CASUALTY COMPANY
and HI ROBERTS,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On June 2, 2006, the Court bifurcated the state claims against Defendant Hi Roberts from the ERISA claims against Defendant Continental Casualty Company.  Memorandum Opinion and Order (Doc. No. 68).  On June 15, 2006, Defendants filed Defendants' Motion to Reconsider Memorandum Opinion and Order Bifurcating This Matter (Doc. No. 69).  The Court held a status conference on July 20, 2006 to discuss the issue of bifurcation and how to proceed with the case. Steve Henry, Plaintiff's attorney, was present telephonically and Defendants' attorney Michael Cadigan was present in chambers.  Having reviewed the briefs and the relevant law, the Court finds that Defendants' Motion to Reconsider Memorandum Opinion and Order Bifurcating This Matter should be denied.

The issue of bifurcation arose in Plaintiff's response to Defendants' Motion to Strike Jury Demand (Doc. No. 43), filed December 23, 2005.  Plaintiff agreed in his response that a jury trial would not be appropriate as to the ERISA claims against Defendant Continental Casualty Company.  Plaintiff argued, however, that his state claims against Defendant Roberts would still be subject to a jury trial.  Interestingly, the Defendants did not file a reply to this response.  The

Court then found that 1) Defendant Roberts was a mere insurance agent (not an ERISA plan

administrator or determiner of benefits) and therefore, not a proper ERISA defendant; and 2) a

jury trial should be held as to the state claims against Defendant Roberts.

In their motion to reconsider the bifurcation, the Defendants note first that Plaintiff did not

raise the issue of bifurcation until recently although Plaintiff could have raised the issue sooner.

The Court agrees that the issue of bifurcation could have been raised earlier but believes that it is

an issue that should be addressed.

Defendants also argue that case law supports their argument that ERISA governs the state

claims against Defendant Roberts because those claims are related to the ERISA benefit plan and

would not exist without the ERISA benefit plan.  Unfortunately for Defendants, their citations are

to older out-of-circuit cases.[1]  The controlling case in the Tenth Circuit is *Woodworker's Supply*

*Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999).

In *Woodworker's*, a manufacturer brought a lawsuit against the insurer that formerly

provided coverage for its employees, alleging unfair trade practices and fraud.  The Tenth Circuit

noted that ERISA preempts state laws that "'relate to any employment benefit plan,' subject to

enumerated exceptions." *Id*. at 989.  The Tenth Circuit

> has identified four causes of action that "relate to" a benefit plan for purposes of ERISA
> preemption.  They involve (1) laws regulating the type of benefits or terms of ERISA
> plans; (2) laws creating reporting, disclosure, funding or vesting requirements for such
> plans; (3) laws providing rules for calculating the amount of benefits to be paid under such
> plans; and (4) laws and common-law rules providing remedies for misconduct growing out
> of the administration of such plans.

---

[1]In fact, one of Defendants' cases, *Farlow v. Union Cent. Life Ins. Co.*, 874 F.2d 791
(11th Cir. 1989) was overruled by *Morstein v. National Ins. Servs., Inc.*, 93 F.3d 715, 717-18
(11th Cir. 1996).

*Id.* at 990.  Furthermore, ERISA does not preempt state laws "'which do[] not affect the

"relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries and the

beneficiaries" as such.'"  *Id.* (citation omitted).  In addition, "'actions that affect the relations

between one or more of these plan entities and an outside party similarly escape preemption.'"  *Id.*

(citation omitted).

The Tenth Circuit in *Woodworker's* also cited approvingly to cases from four circuits

which held that ERISA does not preempt claims against insurance professionals sued for

misrepresentations that induced plan participation.  *Id.* at 991.  The rationale for those decisions

was 1) an insurance agent or professional cannot be a plan fiduciary before a plan exists; and 2)

preemption would not in those cases further Congress' purpose in enacting ERISA.  *Id.*

The Tenth Circuit then concluded that Defendant Principal Mutual in its pre-plan role was

simply a seller of insurance, not an administrator or fiduciary, nor was Defendant Principal Mutual

any other ERISA entity like an employer, the plan, or a beneficiary.  *Id.*  Consequently, the claim

in *Woodworker's* was "best characterized as a claim between an employer and an outside party not

affecting relations between ERISA entities, as such."  *Id.*  Moreover, the Tenth Circuit stated that

allowing the state claims against a seller of insurance does not "affect the administration or

calculation of benefits, nor does it alter the required duties of plan fiduciaries."  *Id.* at 992.  In

fact, the Tenth Circuit agreed with the Eighth Circuit when it stated that "a state's 'efforts to

prevent sellers of goods and services, including benefit plans, from misrepresenting... the scope of

their services is "quite remote from the area with which ERISA is expressly concerned-reporting,

disclosure, fiduciary responsibility and the like."'"  *Id.* (citation omitted).

In this case, the Plaintiff brings four claims against Defendant Roberts:  Count I (breach of contract for "his failure or refusal to provide the quality of disability coverage expected under the oral contract to procure disability insurance coverage;" Count IV (violation of the New Mexico Insurance Code for misrepresentation and unfair claims); Count V (violation of the New Mexico Unfair Practices Act-unspecified as to which section was violated); and Count VI (negligence in failing to procure insurance coverage for Plaintiff's disability).  These alleged activities appear to be pre-plan activities occurring prior to Plaintiff's purchase of the long term disability (LTD) insurance.  Defendant Roberts was, therefore, only a seller of insurance, not a fiduciary of the LTD insurance plan.  In addition, even if Defendant Roberts misrepresented the LTD insurance plan to Plaintiff prior to his purchase of it, that misrepresentation would not have  "affect[ed] the administration or calculation of benefits, nor [would] it [have] alter[ed] the required duties of plan fiduciaries."  Under *Woodworker's*, ERISA does not preempt the Plaintiff's state claims against Defendant Roberts.

IT IS ORDERED that Defendants' Motion to Reconsider Memorandum Opinion and Order Bifurcating This Matter (Doc. No. 69) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE