IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP GARRY BETHONEY,

     Plaintiff,

vs.                             Civ. No. 05-0050 JP/DJS

CONTINENTAL CASUALTY
COMPANY and HI ROBERTS,

     Defendants.

MEMORANDUM OPINION AND ORDER

On October 12, 2006, Plaintiff filed Plaintiff's Motion for Interim Award of Attorney's

Fees and Costs (Doc. No. 81). Having reviewed the briefs and relevant law, the Court finds that

Plaintiff's motion for attorney's fees and costs should be denied.

A.  Procedural Background Regarding Removal and Remand

The Defendants removed this lawsuit to federal district court on January 14, 2005. On

February 9, 2005, Plaintiff filed Plaintiff's Motion to Remand Cause to State District Court (Doc.

No. 5). The Court denied Plaintiff's motion to remand on September 1, 2005. The Court

concluded that it had federal question jurisdiction under the Employee Retirement Income

Security Act (ERISA) due to ERISA's complete preemption of Plaintiff's state claims.

Memorandum Opinion and Order (Doc. No. 20). On September 12, 2005, Plaintiff filed a motion

to set aside the Court's denial of the motion to remand (motion to set aside). Doc. No. 21. On

December 1, 2005, the Court denied Plaintiff's motion to set aside but allowed the Plaintiff to

renew that motion after taking the depositions of Sandie Alexander, Billy Cappelle, and Defendant

Hi Roberts. Doc. No. 31. The Plaintiff did, in fact, renew his motion to set aside on December

15, 2005.  Doc. No. 36.

On June 2, 2006, the Court granted, in part, Plaintiff's renewed motion to set aside by concluding that complete ERISA preemption did not apply to Plaintiff's claims against Defendant Hi Roberts.  Memorandum Opinion and Order (Doc. No. 68).  The Court also granted, in part, Defendants' Motion to Strike Jury Demand (Doc. No. 43), filed December 23, 2005, by striking Plaintiff's jury demand with respect to Defendant Continental Casualty Company (CNA), the ERISA plan administrator.  In deciding the motion to strike jury demand, the Court also found that Defendant Roberts was not a proper ERISA defendant and that a jury trial should be held as to the state claims brought against Defendant Roberts. Consequently, the Court bifurcated the state claims brought against Defendant Roberts from the ERISA claims brought against Defendant CNA.   Finally, the Court denied, as moot, Plaintiff's Counter-Motion for Summary Judgment on the Issue of ERISA "Safe Harbor" Exemption (Doc. No. 37), filed December 15, 2005.

On June 15, 2006, Defendants filed Defendants' Motion to Reconsider Memorandum Opinion and Order Bifurcating This Matter (Doc. No. 69).  The Court denied that motion on August 4, 2006.  Memorandum Opinion and Order (Doc. No. 76).  Also, on August 4, 2006, the Court denied Defendants' Motion for Summary Judgment or in the Alternative for Judgment on the Administrative Record (Doc. No. 28), filed November 30, 2005, and remanded Plaintiff's ERISA claims to Defendant CNA for further findings.  Memorandum Opinion and Order (Doc. No. 78); Order Remanding Plaintiff's ERISA Claims Against Defendant Continental Casualty Company (Doc. No. 77).  On September 15, 2006, the Court granted Plaintiff's Unopposed Motion to Remand Claims Against Defendant Hi Roberts to State Court (Doc. No. 79), filed

September 15, 2006. Order Granting Plaintiff's Unopposed Motion to Remand Claims Against

Defendant Hi Roberts to State Court (Doc. No. 80).  Plaintiff then filed this motion for attorney's

fees and costs on October 12, 2006.  Doc. No. 81.

B.  Discussion

      Plaintiff now seeks attorney's fees and costs under 1) 28 U.S.C. §1447(c) for prevailing

on his motion to remand to state court the state claims brought against Defendant Roberts, and 2)

29 U.S.C. §1132(g)(1) for prevailing against Defendant CNA on his ERISA claims.  Plaintiff asks

for a total award of attorney's fees, costs, and gross receipts tax of $54,976.78.[1]

      1.  28 U.S.C. §1447(c)

      Section 1447(c) states that:  "An order remanding the case [to state court] may require

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

removal."  Defendants argue that Plaintiff's request for an award of attorney's fees and costs

under §1447(c) should be denied because the §1447(c) motion is untimely and because

Defendants had an objectively reasonable basis for removal.[2]

---

[1] Plaintiff's counsel, Steven Henry, alleges to have spent a total of 178.6 hours on Plaintiff's case and charged an hourly rate of $285.00 per hour.  Mr. Henry's legal assistant allegedly spent 0.8 hours on the case and charged an hourly rate of $50.00 per hour.  Plaintiff's costs consisted of apparently $660.04 for the depositions of Defendant Roberts, Sandie Alexander, and Billy Cappelle. General references in this Memorandum Opinion and Order to attorney's fees include the fees charged by Mr. Henry's legal assistant.

[2] Defendants also argue that if Plaintiff is entitled to attorney's fees and costs under §1447(c), Plaintiff would be entitled to only the attorney's fees and costs associated with the remand of the state claims against Defendant Roberts.  Plaintiff agrees with this premise.

### a.  Is the §1447(c) Motion for Attorney's Fees Timely?

Defendants argue first that the §1447(c) motion is untimely under LR-Cv 54.5(a).  Local Rule 54.5(a) states:

> A motion for attorney's fees not brought pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d), must be filed and served within thirty (30) calendar days after entry of judgment.  Failure to file and serve within this time constitutes waiver of a claim to attorney's fees.

The Defendants contend that the Court first decided to remand the state claims against Defendant Roberts on June 2, 2006 when the Court bifurcated the state claims against Defendant Roberts from the ERISA claims against Defendant CNA.  The Defendants note that the Court confirmed its decision to bifurcate on August 4, 2006 when the Court denied Defendants' motion to reconsider the decision to bifurcate this matter.  Thus, Defendants assert that either June 2, 2006 or August 4, 2006 constitutes the date of "entry of judgment" for purposes of calculating the 30 day time period for filing a motion for attorney's fees under Local Rule 54.5(a).[3]  The Court is unpersuaded by this assertion.  The bifurcation of the state and ERISA claims alone does not necessarily indicate that the Court intended to remand the state claims to state court.  After all, the Court has supplemental jurisdiction under 28 U.S.C. §1367 to hear state claims.  The Court did not actually remand the state claims against Defendant Roberts until September 15, 2006.  September 15, 2006, therefore, is the correct date from which to calculate the 30 day period for

---

[3]If local district court rules do not provide a deadline for filing a motion for attorney's fees and costs, Fed. R. Civ. P. 54(d)(2)(B) allows a party to file a motion for attorney's fees and costs "no later than 14 days after entry of judgment...."  Although an order to remand a matter to state court is not final and appealable, it is considered a "judgment" under Rule 54(d)(2)(B) because the order of remand terminates the matter in federal district court.  *See Mints v. Educational Testing Service*, 99 F.3d 1253, 1259 (3rd Cir. 1996); *Watson v. Charleston Housing Authority*, 83 F.Supp.2d 709, 710 n.1 (S.D. W.Va. 2000).  Likewise, an order remanding a matter to state court should be considered a "judgment" for the purpose of applying Local Rule 54.5(a).

4

the filing of a motion for attorney's fees.  Consequently, the Plaintiff timely filed his motion for

attorney's fees on October 12, 2006.

<u>b.  Did Defendants Have an Objectively Reasonable Basis for Removal?</u>

Next, Defendants argue that Plaintiff is not entitled to attorney's fees and costs under

§1447(c) because Defendants had an objectively reasonable basis for the removal.  The decision

to award attorney's fees and costs under §1447(c) is discretionary.  *Topeka Housing Authority v.*

*Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).  The key factor in determining whether to award

costs under §1447(c) is the propriety of the removal by the defendant.  *Excell, Inc. v. Sterling*

*Boiler & Mechanical, Inc.*, 106 F.3d 318, 322 (10th Cir. 1997)(citing *Daleske v. Fairfield*

*Communities*, 17 F.3d 321, 324 (10th Cir.), *cert. denied*, 511 U.S. 1082 (1994)).  "Absent

unusual circumstances, courts may award attorney's fees under §1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an

objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546

U.S. 132, 126 S.Ct. 704, 711 (2005).

Defendants removed this case based on the following grounds:  1) ERISA completely

preempted the state action thereby raising a federal question subject to federal jurisdiction; and 2)

Defendant Roberts was a sham defendant whose presence was intended to defeat diversity

jurisdiction.  Notice of Removal of Civil Act at ¶¶4 and 11 (Doc. No. 1), filed Jan. 14, 2005.  The

Court found that there was federal question jurisdiction under ERISA and that it, therefore, did

not need to address the issue of fraudulent joinder and the corresponding issue of diversity

jurisdiction.  Memorandum Opinion and Order (Doc. No. 20), filed Sept. 1, 2005.  The Court

subsequently found that Defendant Roberts was not a proper ERISA defendant and that the

claims brought against Defendant Roberts could only be characterized as state claims.
Memorandum Opinion and Order (Doc. No. 68), filed June 2, 2006; Memorandum Opinion and
Order (Doc. No. 76), filed Aug. 14, 2006.  Consequently, the Court had supplemental jurisdiction
over the state claims against Defendant Roberts.  After the Court remanded the ERISA claims to
Defendant CNA for further findings, the Court granted Plaintiff's Unopposed Motion to Remand
Claims Against Defendant Hi Roberts to State Court (Doc. No. 79). Order Granting Plaintiff's
Unopposed Motion to Remand Claims Against Defendant Hi Roberts to State Court (Doc. No.
80).  These circumstances show that the Court properly exercised federal question jurisdiction
over the ERISA claims and properly exercised supplemental jurisdiction over Plaintiff's state
claims.  The Court did not relinquish supplemental jurisdiction over the state claims until the
parties agreed to remand those claims to state court.  Since the Court exercised proper federal
jurisdiction over Plaintiff's claims, Defendants necessarily had an objectively reasonable basis for
seeking removal and, therefore, properly removed the state action to federal court.  Hence, the
Court concludes that Plaintiff is not entitled to an award of attorney's fees and costs under
§1447(c).

### c.  The Lodestar Method of Calculating Reasonable Attorney's Fees

Even if Plaintiff could show that Defendants did not have an objectively reasonable basis
for seeking removal and improperly removed the state action to federal court, the Plaintiff would
have to demonstrate that he is entitled to the requested amount of attorney's fees under a lodestar
analysis for calculating the reasonableness of attorney's fees.[4]  *See Huffman v. Saul Holdings Ltd.*

---

[4]Legal assistant's fees are also determined under the lodestar analysis. *See Case v.
Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998).

*Partnership*, 262 F.3d 1128, 1134-35 (10th Cir. 2001)(an award of attorney's fees under §1447(c) must be reasonable); *Albion Pacific Property Resources, LLC v. Seligman,* 329 F.Supp.2d 1163, 1166 (N.D. Cal. 2004)(employing lodestar analysis in awarding attorney's fees under §1447(c)). The lodestar analysis involves multiplying the reasonable hours the attorney spent working on the case by a reasonable hourly rate. *Case*, 157 F.3d at 1249 (citation omitted). The party seeking attorney's fees bears the burden of showing that both the hours spent working on the case and the hourly rate are reasonable. *Id*. "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* at 1250 (citation omitted).

The only evidence Mr. Henry submitted to the Court was an affidavit. Mr. Henry did not present the Court with contemporaneous time records nor did he give any reason for not presenting time records. In fact, Mr. Henry did not comply with LR-Cv 54.5(b) which requires that an attorney "keep concurrent time records ... where there is a potential for an award of attorney fees." Furthermore, Mr. Henry has failed to explain why his hourly rate of $285 an hour is reasonable or why a rate of $50 per hour is reasonable for the services of his legal assistant. Mr. Henry does not state how long he has been practicing law or how his hourly rate compares to the rates of other attorneys in the community who engage in his type of practice.[5]  Moreover, Mr.

---

[5]Mr. Henry's only statement justifying an hourly rate of $285 per hour is found in his brief (as opposed to his sworn affidavit) and states that "due to his experience, expertise in insurance-related matters, the difficulty of handling Plaintiff's case, and the complexity of the issues involved" he requests $285 per hour for the work he provided. Plaintiff's Memorandum in Support of Motion for Interim Award of Attorney's Fees and Costs at ¶8 (Doc. No. 81), filed Oct. 12, 2006.

Henry does not state how experienced his legal assistant is or how the legal assistant's hourly rate compares to other legal assistants in the community.  Mr. Henry simply has not carried his burden of showing that both the hours spent working on the case and the hourly rates are reasonable. Plaintiff's request for attorney's fees under §1447(c) should be denied on this basis as well.

> 2.  29 U.S.C. §1132(g)(1)

Plaintiff also seeks attorney's fees and costs associated with the remand of ERISA claims to Defendant CNA.  29 U.S.C. §1132(g)(1) permits the Court in its discretion to award reasonable attorney's fees and costs to a party involved in an ERISA action.  Defendants argue that Plaintiff is not entitled to attorney's fees and costs under §1132(g)(1) because 1) the §1132(g)(1) motion is untimely under Local Rule 54.5(a); 2) Plaintiff is not a prevailing party; and 3) Plaintiff is not entitled to §1132(g)(1) attorney's fees and costs as a matter of course.

> a.  Is the §1132(g)(1) Motion for Attorney's Fees Timely?

Defendants contend that Plaintiff, likewise, did not meet the 30 day deadline under Local Rule 54.5(a) for filing the §1132(g)(1) motion for attorney's fees.  Defendants reason that if the relevant "judgment" is the August 4, 2006 ERISA remand order, then Plaintiff should have filed the §1132(g)(1) motion for attorney's fees by September 3, 2006.  The Plaintiff, however, filed the §1132(g)(1) motion for attorney's fees on October 12, 2006, more than a month late.  Plaintiff argues that Local Rule 54.5(a) is not applicable to the §1132(g)(1) motion for attorney's fees and costs because the August 4, 2006 ERISA remand order is not a "judgment."  Plaintiff asserts that the ERISA remand order is not final or appealable, and that the Court still retains jurisdiction over the ERISA claims.

The Tenth Circuit in *Metzger v. UNUM Life Ins. Co. of America*, 476 F.3d 1161 (10th Cir. 2007) recently addressed the issue of whether an order remanding ERISA claims to an ERISA plan administrator is a final, appealable order.  The Tenth Circuit held that generally an ERISA remand order is not final unless "finality is 'necessary to ensure that the court of appeals [is] able to review an important legal question which the remand made effectively unreviewable.'" *Id.* at 1164-65 (quoting *Rekstad v. First Bank System, Inc.*, 238 F.3d 1259, 1263 (10th Cir. 2001)).  The finality of an ERISA remand order is determined on a case-by-case basis.  *Id.* at 1164.

In this case, neither Plaintiff or Defendant CNA are foreclosed from filing a motion to obtain this Court's review of Defendant CNA's forthcoming determination on whether Plaintiff is entitled to long-term disability benefits.  *See Rekstad*, 238 F.3d at 1262 ("The remand to the plan administrator will not foreclose future appellate review of any important legal questions because, no matter the administrator's ultimate decision, the district court has expressly stated that either party may obtain court review of the administrator's determination simply by filing a motion.").  The Court's final decision regarding Defendant CNA's ultimate determination along with any other issues would also be appealable to the Tenth Circuit.  *See id.*  Under these circumstances, the remand to Defendant CNA does not make unreviewable any important legal question.  Thus, the order remanding Plaintiff's ERISA claims to Defendant CNA is not final and cannot be

considered a "judgment" under Local Rule 54.5(a).[6]   Since Local Rule 54.5(a) does not apply to

the ERISA remand order, Plaintiff's §1132(g)(1) motion for attorney's fees is timely.

### b.  Is Plaintiff a Prevailing Party?

Defendants further argue that because the Court has not decided the merits of Plaintiff's

ERISA claims, Plaintiff cannot be considered a prevailing party who is entitled to attorney's fees

and costs under §1132(g)(1).  *See, e.g., Andrews v. Blue Cross Blue Shield of Nebraska*

*Employee Group Long Term Disability Ins. Plan*, 165 Fed. Appx. 650, 655 (10th Cir.

2006)(Tenth Circuit has interpreted §1132(g)(1) to apply only to prevailing parties).  Plaintiff

appears to concede that he is not yet a prevailing party and that "[a]t most, Plaintiff's Motion for

Attorney's Fees and Costs may be argued to be premature...."  Plaintiff's Reply in Support of

Motion for Interim Award of Attorney's Fees and Costs (Doc. No. 84) at 4, filed Nov. 15, 2006.

As the Defendants argue, this position finds support in several cases which have found that

moving for §1132(g)(1) attorney's fees and costs before an ERISA plan administrator has issued

a determination on a remanded case is a premature action taken by a plaintiff who is not yet a

---

[6]Finding that the ERISA remand order is not a "judgment" under Local Rule 54.5(a) but finding that the state remand order is a "judgment" under Local Rule 54.5(a) is not contradictory as Defendants suggest.  The two remand orders are distinguishable:  the Court continues to retain jurisdiction over the ERISA claims remanded to Defendant CNA while the Court has lost jurisdiction over the state claims remanded to state court, thereby terminating the federal lawsuit with respect to the state claims.

prevailing party.[7]  *See Kistler v. Financial American Group Long Term Disability Plan*, 35 Fed. Appx. 516, 518 (9th Cir. 2002); *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472, 478-49 (7th Cir. 1998); *Saffle v. Sierra Pacific Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 461 (9th Cir. 1996); *Rekstad v. First Bank System, Inc.*, 1999 WL 33263930 at *3 (D.Colo.); *Marsteller v. Life Ins. Co. of North America*, 1997 WL 403235 at *2 (W.D. Va.).  In that kind of remand situation, a motion for §1132(g)(1) attorney's fees and costs should be filed after the plaintiff ultimately prevails on the benefit award.  *See Kistler*, 35 Fed. Appx. at 518; *Davis v. E.I. Du Pont de Nemours and Co.*, 176 F.R.D. 224, 226-27 (W.D. Va. 1997).  Accordingly, Plaintiff's motion for §1132(g)(1) attorney's fees and costs should be denied at this time for being filed prematurely.  The Court, therefore, need not address Defendant's subsequent argument that if Plaintiff were a prevailing party, he nonetheless would not have been entitled to attorney's fees and costs under §1132(g)(1) as a matter of course.  The Court further notes that even if Plaintiff was entitled to §1132(g)(1) attorney's fees, Plaintiff has not met his burden in demonstrating through the lodestar method that his attorney's fees were reasonable.  *See supra,* discussion of lodestar method in connection with §1447(c) motion for attorney's fees.  *Also see, e.g., Geissal ex rel. Estate of Geissal v. Moore Medical Corp.,* 338 F.3d 926, 935-36

---

[7]The Court notes that Plaintiff does not cite to any cases which have found that a §1132(g)(1) motion for attorney's fees and costs is not necessarily premature when filed before a plan administrator has issued a decision upon remand.  *See, e.g., Mizzell v. Provident Life & Accident Ins. Co.*, 32 Fed. Appx. 353, 354 (9th Cir. 2002)(remand to ERISA plan administrator alone showed that plaintiff was a prevailing party entitled to seek §1132(g)(1) attorney's fees and costs); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 990 F.Supp. 1039, 1041-42 (N.D. Ill. 1998).  Since Plaintiff seems to agree with Defendants that he is not a prevailing party and acknowledges that his §1132(g)(1) motion for attorney's fees and costs is premature, the Court finds it unnecessary to distinguish those cases which have found that a plaintiff is a prevailing party by virtue of having only obtained an order remanding ERISA claims to a plan administrator.

11

(8th Cir.2003)(appropriate to use lodestar method in calculating reasonable attorney's fees under §1132(g)(1)).

IT IS ORDERED that:

1.  Plaintiff's Motion for Interim Award of Attorney's Fees and Costs (Doc. No. 81) is denied; and

2.  Plaintiff may renew his §1132(g)(1) motion for attorney's fees and costs if he ultimately prevails on the ERISA claims.

_____
SENIOR UNITED STATES DISTRICT JUDGE