IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP GARRY BETHONEY,

    Plaintiff,

vs.                                                Civ. No. 05-50 JP/DJS

CONTINENTAL CASUALTY COMPANY and
HI ROBERTS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On May 24, 2007, Plaintiff filed Plaintiff's Amended Motion for Award of Attorney's Fees and Costs (Doc. No. 86). Having reviewed the briefs and relevant law, the Court concludes Plaintiff's Amended Motion for Award of Attorney's Fees and Costs should be granted in part.

A.  Procedural Background

The Defendants removed this lawsuit to federal district court on January 14, 2005. On February 9, 2005, Plaintiff filed Plaintiff's Motion to Remand Cause to State District Court (Doc. No. 5). The Court denied Plaintiff's motion to remand on September 1, 2005. The Court concluded that it had federal question jurisdiction under the Employee Retirement Income Security Act (ERISA) due to ERISA's complete preemption of Plaintiff's state claims. Memorandum Opinion and Order (Doc. No. 20). On September 12, 2005, Plaintiff filed Plaintiff's Motion to Set Aside Its [sic] Memorandum Opinion and Order Denying Plaintiff's Motion to Remand Cause to State District Court and Denying as Moot Defendants' Motion to Dismiss or for Summary Judgment ( Doc. No. 21). On December 1, 2005, the Court denied Plaintiff's motion to set aside but allowed the Plaintiff to renew that motion after taking the depositions of Sandie Alexander, Billy Cappelle, and Defendant Hi Roberts. Order (Doc. No.

31).  The Plaintiff did, in fact, renew his motion to set aside on December 15, 2005.  Plaintiff's Renewed Motion to Set Aside September 1, 2005, Memorandum Opinion and Order Denying Plaintiff's Motion to Remand Cause to State District Court and Denying as Moot Defendants' January 18, 2005, Motion to Dismiss Complaint or for Summary Judgment (Doc. No. 36).

On June 2, 2006, the Court granted, in part, Plaintiff's renewed motion to set aside by concluding that complete ERISA preemption did not apply to Plaintiff's claims against Defendant Hi Roberts.  Memorandum Opinion and Order (Doc. No. 68).  The Court also granted, in part, Defendants' Motion to Strike Jury Demand (Doc. No. 43), filed December 23, 2005, by striking Plaintiff's jury demand with respect to Defendant Continental Casualty Company (Defendant CNA), the ERISA plan administrator.  *Id*.  In deciding the motion to strike jury demand, the Court further concluded that Defendant Roberts was not a proper ERISA defendant and that a jury trial should be held as to the state claims brought against Defendant Roberts.  *Id*. Consequently, the Court bifurcated the state claims brought against Defendant Roberts from the ERISA claim brought against Defendant CNA.  *Id*.  Finally, the Court denied, as moot, Plaintiff's Counter-Motion for Summary Judgment on the Issue of ERISA "Safe Harbor" Exemption (Doc. No. 37), filed December 15, 2005.  *Id*.

On June 15, 2006, Defendants filed Defendants' Motion to Reconsider Memorandum Opinion and Order Bifurcating This Matter (Doc. No. 69).  The Court denied that motion on August 4, 2006.  Memorandum Opinion and Order (Doc. No. 76).  Also, on August 4, 2006, the Court denied Defendants' Motion for Summary Judgment or in the Alternative for Judgment on the Administrative Record (Doc. No. 28), filed November 30, 2005, and remanded Plaintiff's ERISA claim to Defendant CNA for further findings.  Memorandum Opinion and Order (Doc.

No. 78); Order Remanding Plaintiff's ERISA Claims Against Defendant Continental Casualty Company (Doc. No. 77).  On September 15, 2006, the Court granted Plaintiff's Unopposed Motion to Remand Claims Against Defendant Hi Roberts to State Court (Doc. No. 79), filed September 15, 2006. Order Granting Plaintiff's Unopposed Motion to Remand Claims Against Defendant Hi Roberts to State Court (Doc. No. 80).

Plaintiff then filed Plaintiff's Motion for Interim Award of Attorney's Fees and Costs (Doc. No. 81) on October 12, 2006.  The Court denied that motion for an interim award of attorney's fees and costs on April 25, 2007, but allowed Plaintiff to renew his 29 U.S.C. §1132(g)(1) motion for attorney's fees and costs if he ultimately prevailed on the ERISA claim. Memorandum Opinion and Order (Doc. No. 85).  On May 13, 2007, Defendant CNA, through The Hartford, paid Plaintiff $184,862.89 for past due long term disability (LTD) benefits payments accrued from April 23, 2003 to May 13, 2007.  As a result of that award, Plaintiff filed Plaintiff's Amended Motion for Award of Attorney's Fees and Costs (Doc. No. 86) on May 24, 2007.

B.  Discussion

Plaintiff brings his amended motion for attorney's fees and costs under 29 U.S.C. §1132(g)(1) and requests a total award of $59,027.31 in attorney's fees and costs which includes paralegal fees and a gross receipts tax.[1]  Section 1132(g)(1) allows the Court in its discretion to award attorney's fees and costs to a party in an ERISA action.  Defendant CNA objects to this

---

[1]Plaintiff seeks attorney's fees of $53,551.50 (187.9 hours x $285 per hour), paralegal fees of $40.00 (0.8 hours x $50 per hour), a gross receipts tax of $3,550.43 (at 6.625%), and costs of $1,885.38.

3

request for attorney's fees and costs for several reasons.[2]  Defendant CNA initially argues that Plaintiff is not entitled to any award of attorney's fees and costs because 1) his amended motion for attorney's fees and costs is untimely; 2) Plaintiff is not a prevailing party; and 3) Defendant CNA's position in this lawsuit was substantially justified.  Finally, Defendant CNA argues that if Plaintiff is entitled to attorney's fees those attorney's fees should be reduced.

	1,  Timeliness of Plaintiff's Amended Motion for Attorney's Fees and Costs

Defendant CNA argues that the amended motion for attorney's fees and costs is untimely under D.N.M. LR-Cv 54.5(a).  Local Rule 54.5(a) states:

> A motion for attorney's fees not brought pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d), must be filed and served within thirty (30) calendar days after entry of judgment.  Failure to file and serve within this time constitutes waiver of a claim to attorney's fees.

Defendant CNA contends that the only "judgment" relevant to the ERISA claim was the August 4, 2006 Order Remanding Plaintiff's ERISA Claims Against Defendant Continental Casualty Company (Doc. No. 77).  Defendant CNA observes that Plaintiff filed the October 12, 2006 motion for attorney's fees and costs more than 30 days after the August 4, 2006 order of remand, thereby making this amended motion for attorney's fees and costs (as an extension of the October 12, 2006 motion for attorney's fees and costs) also untimely under Local Rule 54.5(a). The Court, however, has already ruled on this untimeliness issue by concluding that Local Rule 54.5(a) does not apply to the ERISA remand order, because the ERISA remand order is not a

---

[2] Although both Defendants CNA and Roberts responded to Plaintiff's amended motion for attorney's fees and costs, the amended motion for attorney's fees and costs is presumably directed just to Defendant CNA because Plaintiff's ERISA claim is only against Defendant CNA.  Henceforth, the Court will refer to Defendant CNA instead of the collective "Defendants."

"judgment." Memorandum Opinion and Order (Doc. No. 85) at 9-10, filed April 25, 2007. Hence, in the absence of an entry of a judgment, the October 12, 2006 motion for attorney's fees and costs was not untimely, and this amended motion for attorney's fees and costs is likewise not untimely.[3]

### 2. Is Plaintiff a Prevailing Party for §1132(g)(1) Purposes?

Next, Defendant CNA argues that Plaintiff is not a prevailing party and so is not entitled to attorney's fees under §1132(g)(1). Although §1132(g)(1) does not indicate whether a party must be a prevailing party in order for a court to award attorney's fees to that party, the Tenth Circuit has interpreted §1132(g)(1) to apply only to prevailing parties. *See, e.g., Andrews v. Blue Cross Blue Shield of Nebraska Employee Group Long Term Disability Ins. Plan*, 165 Fed. Appx. 650, 655 (10th Cir. 2006). The United States Supreme Court has explained that a "prevailing party" is a party who succeeds "'on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)(describing "prevailing party" for the purpose of awarding attorney's fees in a civil rights lawsuit)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id*. at 111-12.

Defendant CNA contends that although the decision to remand the case to Defendant CNA could be considered a judgment, Plaintiff did not directly benefit from the remand at the

---

[3]The Court notes that Plaintiff filed the amended motion for attorney's fees and costs less than 30 days after being awarded LTD benefits from Defendant CNA.

time the Court entered the remand order. Defendant CNA also contends that its subsequent decision to award Plaintiff LTD benefits was merely a business decision and not a settlement or consent decree which Defendant CNA concedes would result in Plaintiff being the prevailing party. The Court agrees that a mere remand order does not make a plaintiff a prevailing party. *See* Memorandum Opinion and Order (Doc. No. 85) at 10-11 ("moving for §1132(g)(1) attorney's fees and costs before an ERISA plan administrator has issued a determination on a remanded case is a premature action taken by a plaintiff who is not yet a prevailing party."). However, Defendant CNA's modified its behavior by awarding LTD benefits to Plaintiff which directly benefitted Plaintiff by providing relief on the merits of his ERISA claim, the relief Plaintiff sought by bringing this lawsuit. The award of LTD benefits, therefore, makes Plaintiff a "prevailing party" for §1132(g)(1) purposes.

> 3. Because Plaintiff is a Prevailing Party Under §1132(g)(1), is Plaintiff Automatically Entitled to Attorney's Fees?

Although Plaintiff is a prevailing party, he is not automatically entitled to attorney's fees under §1132(g)(1). The Court considers five nonexclusive factors in determining whether to award §1132(g)(1) attorney's fees. These factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Gordon v. United States Steel Corp.*, 724 F.2d 106, 109 (10th Cir. 1983). Defendant CNA argues that the *Gordon* factors essentially determine whether a losing party had a substantially justified position during the prosecution of the lawsuit. Defendant CNA supports this

proposition by citing to a Seventh Circuit case, *Quinn v. Blue Cross & Blue Shield Assoc.*, 161 F.3d 472 (7th Cir. 1998).  Defendant CNA asserts that its position in this lawsuit was substantially justified.

Because the Tenth Circuit does not equate an analysis of the *Gordon* factors with a substantial justification test, the Court will analyze each of the *Gordon* factors in turn.  With respect to the first *Gordon* factor, the degree of the opposing party's culpability or bad faith, the Court notes that in remanding the lawsuit to Defendant CNA, the Court did not decide the merits of Plaintiff's ERISA claim but only concluded that Defendant CNA needed to make further findings regarding the ERISA claim.  Memorandum Opinion and Order (Doc. No. 78).  The Court also declined to find that the evidence showed that Defendant CNA's actions were "clearly" arbitrary and capricious.  *Id*. at 20.  *See Graham v. Hartford Life & Acc. Ins. Co.*, 2006 WL 1804551 *1 (N.D.Okla. 2006)(arbitrary and capricious behavior does not amount to bad faith).  Moreover, considering the elusive and controversial nature of a diagnosis of fibromyalgia, the Court is unable to conclude that Defendant CNA was necessarily culpable or acting in bad faith when it first denied Plaintiff LTD benefits.  *See McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.*, 33 F.3d 253, 257 (3d Cir. 1994)("A party is not culpable merely because it has taken a position that did not prevail in litigation.").   Finally, the fact that Defendant CNA awarded Plaintiff LTD benefits moots the issues previously raised before the Court when it decided to remand the case to Defendant CNA.  *See Davis v. E. I. DuPont de Nemours and Co.*, 176 F.R.D. 224, 226 (W.D. Va. 1997).  For these reasons, the Court determines that the first *Gordon* factor tips in favor of Defendant CNA.

The second *Gordon* factor, the ability of the opposing party to pay an award of attorney's fees, and the fifth *Gordon* factor, the relative merits of the parties' position, are in Plaintiff's favor since Defendant CNA is capable of paying attorney's fees and Plaintiff ultimately prevailed against Defendant CNA on his ERISA claim.

Defendant CNA does not address the third *Gordon* factor, whether an attorney's fees award would deter others from similar conduct. Plaintiff, however, argues that an award of attorney's fees would prevent "token" and "slip-shod" investigations by ERISA plan administrators and encourage ERISA plan administrators to conduct thorough fair investigations from the outset. The Court agrees with Plaintiff on this factor.

The fourth *Gordon* factor concerns whether the ultimate outcome benefits all ERISA participants and beneficiaries of the CNA LTD insurance plan or whether that outcome resolves a significant ERISA legal question. In this case, the award of LTD benefits to Plaintiff affects only the Plaintiff and not other ERISA participants or beneficiaries of the CNA LTD insurance plan. Also, the Court did not resolve any particularly significant ERISA legal questions but merely applied well-established standards. The fourth *Gordon* factor, therefore, favors Defendant CNA.

Considering all of the *Gordon* factors, the Court determines that the Plaintiff is entitled to attorney's fees under §1132(g)(1).

<u>4. Determining the Amount of an Award of Attorney's Fees and Costs</u>

Defendant CNA argues next that if Plaintiff is entitled to attorney's fees, the amount of attorney's fees requested by Plaintiff should be reduced because the requested attorney's fees are unreasonable. Defendant CNA argues first that 39.9 hours spent by Plaintiff's attorney, Steven

Henry, was excessive, redundant or otherwise unnecessary.[4]  Defendant CNA specifically contends that Mr. Henry spent this time in a futile effort to remand the case back to state court. Plaintiff argues that his efforts to remand this case to state court were reasonable since both federal and state courts have concurrent jurisdiction over ERISA claims and since Plaintiff's claims were not initially determined to be limited to ERISA remedies.  Plaintiff further argues that Mr. Henry spent only 14.2 hours on remand efforts.  The Court rejects Plaintiff's argument and finds that Plaintiff's repeated and futile efforts to remand this case to state court were unreasonable and, therefore, not compensable.  After examining Mr. Henry's Itemization of Attorney's Fees, Taxes and Costs, Ex. B (attached to Plaintiff's Memorandum in Support of Amended Motion for Award of Attorney's Fees and Costs (Doc. No. 87)(Memorandum in Support), filed May 24, 2007), the Court concludes that Mr. Henry's compensable time should be reduced by 28.0 hours for Mr. Henry's efforts to obtain a remand to state court.

Second, Defendant CNA argues that Plaintiff's request for attorney's fees should be reduced by 7.4 hours because those fees reflect time Mr. Henry spent on the case against Defendant Hi Roberts.  Plaintiff concedes that the time Mr. Henry spent on the case against Defendant Roberts should not be included in his request for attorney's fees.  Plaintiff, however, asserts that his request for attorney's fees only includes one hour in which Mr. Henry worked on Defendant Roberts' case.  Having reviewed Mr. Henry's Itemization of Attorney's Fees, Taxes and Costs, the Court agrees with Defendant CNA that Mr. Henry's compensable time should be reduced by 7.4 hours for work Mr. Henry performed on the case against Defendant Roberts.  The

---

[4]The Court notes that both Defendant CNA and Plaintiff have not specified which time entries they relied on to calculate the time Mr. Henry spent on certain issues like the remand issue.

Court also notes that Plaintiff seeks $305.57 as a cost for taking the deposition of Defendant Roberts.  Likewise, that cost should not be awarded to Plaintiff.

Third, Defendant CNA asserts that Plaintiff should not be awarded attorney's fees for administrative chores like letter writing which a paralegal or administrative assistant could have done a much reduced hourly rate.  Defendant CNA, however, does not specify what time entries it believes related to those kinds of administrative chores.  Without more specificity, the Court must reject this argument for reducing Plaintiff's request for attorney's fees for those services.

Finally, Defendant CNA contends that Mr. Henry's hourly rate of $285.00 per hour is excessive.  To support this contention, Defendant CNA cites to three cases decided in this federal district court.  The first case, *O'Neal v. Ferguson Const. Co.*, Civ. No. 97-1269 MV/LFG (1999), is not particularly helpful since it was decided eight years ago and involved a civil rights lawsuit.  The other two cases Defendant CNA cites to were decided four years ago in 2003. In *Sipp v. UNUM Provident Corp.*, Civ. No. 01-1418 LFG/DJS, an insurance contract case, the court awarded attorney's fees based on an hourly rate of $180 per hour.  In *Bromley v. Butt, Thorton, and Baehr, P.C.*, Civ. No. 02-0999 RLP/LFG, an ERISA case, the court approved an attorney hourly rate of $225 per hour.  However, Plaintiff has submitted an uncontested and well-supported affidavit by Steven Vogel, Ex. D (attached to Memorandum in Support), who states:  "I am aware of the rates charged and awarded throughout New Mexico for insurance cases and a reasonable attorney fee to be awarded in this case would be $300.00 per hour." Affidavit of Steven Vogel at ¶9.  Mr. Vogel goes on to state:  "I am aware of Attorney Steve Henry's experience, his legal background and his specialized knowledge regarding insurance law, and a rate of $285.00 per hour would be reasonable in this case." *Id*. at ¶10.  Unlike the

cases cited by Defendant CNA, Mr. Vogel's sworn statements present the only evidence in this case of the current attorney hourly rates in insurance cases brought in New Mexico. The Court accepts Mr. Vogel's uncontroverted affidavit as sufficient evidence to support Mr. Henry's requested hourly rate of $285 per hour, which the Court, therefore, finds is a reasonable attorney hourly rate.

C. Conclusion

Although Plaintiff is entitled to attorney's fees and costs under §1132(g)(1) for prevailing against Defendant CNA on his ERISA claim, Plaintiff's requested amount of attorney's fees and costs should be reduced as follows: 1) Mr. Henry's hours should be reduced by 35.4 hours; and 2) costs should be reduced by $305.57. These reductions result in attorney's fees of $43,462.50 (152.5 hours x $285 per hour), a gross receipts tax of $2,882.04 (at 6.625%), and costs of $1,579.81. The paralegal fee of $40.00 remains unchanged. Plaintiff should, therefore, be awarded a total of $47,964.35 in attorney's fees and costs.

IT IS ORDERED that:

1. Plaintiff's Amended Motion for Award of Attorney's Fees and Costs (Doc. No. 86) is granted in part; and

2. Defendant CNA must pay to Plaintiff an award of attorney's fees and costs totaling $47,964.35 by September 5, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE