IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP GARRY BETHONY,

    Plaintiff,

vs.                                                                   Civ. No.  05-0050 JP/DJS

CONTINENTAL CASUALTY COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On August 4, 2006, the Court denied Defendants' Motion for Summary Judgment or in the Alternative for Judgment on the Administrative Record (Doc. No. 28), filed November 30, 2005, and remanded Plaintiff's ERISA claim to Defendant Continental Casualty Company (CNA) for further findings.[1] Memorandum Opinion and Order (Doc. No. 78); Order Remanding Plaintiff's ERISA Claims Against Defendant Continental Casualty Company (Doc. No. 77).  On May 13, 2007, Defendant CNA, through The Hartford, paid Plaintiff $184,862.89 for past due long term disability insurance benefits accrued from April 23, 2003 to May 14, 2007.  Then, on May 30, 2007, Plaintiff filed Plaintiff's Motion for Award of Pre-Judgment Interest (Doc. No. 89).  Shortly thereafter, on June 22, 2007, the Plaintiff filed Plaintiff's Motion for Entry of Judgment (Doc. No. 96).[2]  Having reviewed the briefs and relevant law, the Court concludes that Plaintiff is entitled to an award of prejudgment interest at an annual interest rate of 8% and that it

---

[1]Plaintiff's only claim against CNA was the ERISA claim.  The Court remanded Plaintiff's claims against Defendant Hi Roberts to state court on September 15, 2006.  Order Granting Plaintiff's Unopposed Motion to Remand Claims Against Defendant Hi Roberts to State Court (Doc. No. 80).

[2]On August 3, 2007, the Court awarded Plaintiff attorney's fees and costs in the amount of $47,964.35 for prevailing against CNA on the ERISA claim.  Memorandum Opinion and Order (Doc. No. 101).

is appropriate to enter a judgment as to only the prejudgment interest award.

      A.  Plaintiff's Motion for Award of Pre-Judgment Interest

Plaintiff argues that he is entitled to an award of prejudgment interest based on an annual interest rate of 15% as provided by NMSA 1978, §56-8-3 (1983).[3] CNA argues that Plaintiff is not entitled to an award of prejudgment interest and, in the alternative, argues that if Plaintiff is entitled to an award of prejudgment interest, the rate of interest should be based on the federal postjudgment interest statute, 28 U.S.C. §1961, which would result in an interest rate of 3.23%.[4]

CNA contends initially that Plaintiff is not entitled to an award of prejudgment interest because the Court has not entered a final judgment in this case. In response to this contention, Plaintiff filed a motion requesting that the Court enter a final judgment on the award of long term disability insurance benefits. The Court will address the issue of whether the Court should enter a final judgment on the award of benefits once the Court has decided if the Plaintiff should be awarded prejudgment interest.

It is appropriate to award prejudgment interest in an ERISA case when the award compensates the injured party and the award is otherwise equitable. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002). CNA claims that a 15% interest rate under §56-8-4 is not compensatory but instead is excessive and punitive. *See id.* (a prejudgment interest award should not be so excessive as to become a punitive award). CNA asserts that the federal postjudgment interest statute establishes a compensatory prejudgment interest rate. The

---

[3] Plaintiff seeks a prejudgment interest award of $78,017.35.

[4] Section 1961(a) states that postjudgment interest "shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." (Footnote omitted).

calculation of a prejudgment interest rate in an ERISA case is left to the sound discretion of the district court. *Caldwell v. Life Ins. Co. of North America*, 287 F.3d 1276, 1287 (10th Cir. 2002). Accordingly, the district court is not bound to follow the federal postjudgment interest statute in establishing prejudgment interest rates in ERISA cases. *Id*.  On the other hand, it is appropriate to look to state statutes establishing prejudgment interest rates when awarding prejudgment interest in ERISA cases. *See Biava v. Insurers Administrative Corp.*, 1995 WL 94461 *5 (10th Cir.)(awarding prejudgment interest rate in an ERISA case of 15% based on §56-8-4).

The Court, in its discretion, declines to rely on the federal postjudgment interest statute to establish a compensatory prejudgment interest rate.  Moreover, the Court notes that §56-8-4 merely states that the rate of interest "shall be not more than fifteen percent annually...."  Section 56-8-4 does not set a prejudgment interest rate but merely caps that interest rate at 15%. Compensation of an injured party under §56-8-4, therefore, requires only that the prejudgment interest rate be less than 15%.  Having reviewed the various cases cited by the parties as well as other relevant cases, the Court concludes that an annual prejudgment interest rate of 8% would adequately compensate Plaintiff and not be punitive towards CNA.  *See Allison*, 289 F.3d at 1244 ("district court did not abuse its discretion in awarding prejudgment interest at the Colorado statutory rate of 8 percent."); *Caldwell*, 287 F.3d at 1288 ("In setting the interest rate at 8%, the district court did not abuse its discretion."); *Eastman Kodak Co. v. Westway Motor Freight, Inc.*, 949 F.2d 317, 321 (10th Cir. 1991)(in non-ERISA case, Tenth Circuit "conclude[d] that the district court did not abuse its discretion in awarding Kodak prejudgment interest in the amount of eight percent.").

CNA also argues that it would not be equitable for the Court to award prejudgment interest in this case because an award would frustrate the two purposes of awarding prejudgment

3

interest: 1) to prevent litigation delays, and 2) to foster settlement.  *See State ex rel. Bob Davis Masonry, Inc. v. Safeco Ins. Co. Of America*, 118 N.M. 558, 561, 883 P.2d 144, 147 (1994)( in deciding to award prejudgment interest under §56-8-4(B), court considers unreasonable delay in adjudication of claims and considers if the defendant made a reasonable and timely settlement offer).  CNA observes that Plaintiff, not CNA, delayed adjudication in this case by filing numerous motions in an attempt to remand the case to state court.  Furthermore, CNA contends that it acted in good faith in making its initial determination to deny Plaintiff long term disability insurance benefits and during the litigation of this case.  Lastly, CNA claims that the decision to award long term disability insurance benefits to Plaintiff was the equivalent of a timely and reasonable settlement.  Plaintiff argues, however, that it is equitable to award prejudgment interest because he was the prevailing party on the ERISA claim and because he is entitled to complete compensation for the period during which CNA wrongfully refused to pay him long term disability insurance benefits.

The Court agrees with Plaintiff.  It is inequitable to deny successful claimants the cost of the lost opportunity to use money which the defendant wrongfully retained during litigation.  *Aztec Well Servicing Co., Inc. v. Property & Cas. Ins. Guar. Ass'n of State*, 115 N.M. 475, 486, 853 P.2d 726, 737 (1993).  Furthermore, CNA's contentions that it did not contribute to the delay of the adjudication of this case and that it did not act in bad faith are belied by the fact that the Court was compelled to order CNA to reconsider Plaintiff's case before Plaintiff eventually received the award of long term disability benefits which rightfully belonged to him all along.  Finally, CNA's characterization of the award of long term disability insurance benefits as a settlement is not well-taken since the award was not based on negotiation but presumably was based upon a review of Plaintiff's medical evidence and the subsequent conclusion that the

4

medical evidence justified the award under CNA's long term disability benefits insurance plan. In sum, the Court concludes that Plaintiff is entitled to an award of prejudgment interest at an 8% annual rate of interest.

B.  Plaintiff's Motion for Entry of Judgment

CNA opposes Plaintiff's Motion for Entry of Judgment in an attempt to preclude an award of prejudgment interest.  CNA argues initially that Fed. R. Civ. P. 58 (the rule addressing entry of judgment) "does not contain any provision for a party to move for an entry of judgment."  Defendants' Response to Plaintiff's Motion for Entry of Judgment (Doc. No. 97) at 2, filed June 29, 2007.  This argument, however, is without merit because Rule 58(d) states that "[a] party may request that judgment be set forth on a separate document as required by Rule 58(a)(1)."

Next, CNA argues that the Court should not enter a final judgment on the award of long term disability insurance benefits because the underlying ERISA controversy is now moot.  CNA is correct in that the underlying ERISA claim for long term disability benefits is moot as a result of the Court remanding the case to CNA and CNA subsequently paying Plaintiff the long term disability insurance benefits which he sought in bringing this lawsuit.  Because the underlying ERISA claim is moot, the Court no longer has subject matter jurisdiction over that claim and therefore, cannot enter a final judgment on CNA's award of long term disability insurance benefits.  *See Massachusetts v. E.P.A.*, ___ U.S. ___, 127 S.Ct. 1438, 1453 (2007)("when the question sought to be adjudicated has been mooted by subsequent developments," the federal court loses jurisdiction since there is no longer a justiciable controversy between the parties).  Hence, the Court denies Plaintiff's request to enter a final judgment with respect to the award of long term disability insurance benefits.

However, the issue of prejudgment interest, an element of compensatory damages, is not moot.  *See O'Toole v. Northrop Grumman Corp.*, ___ F.3d ___, 2007 WL 2421754 *7 (10th Cir.)("Prejudgment interest is compensatory in nature....").  "Claims for damages or other monetary relief automatically avoid mootness, so long as the claim [for damages] remains viable.  Damages should be denied on the merits, not on grounds of mootness."  Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* §3533.3 at 262 (1984).  *See also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004); *Essence, Inc. v. City of Federal Heights*, 285 F.3d 1272, 1277 n.4 (10th Cir. 2002), *cert. denied*, 537 U.S. 947 (2002).  Consequently, the Court retains subject matter jurisdiction over the prejudgment interest claim and therefore, has subject matter jurisdiction to enter a judgment awarding prejudgment interest.[5]

IT IS ORDERED that:

1.  Plaintiff's Motion for Award of Pre-Judgment Interest (Doc. No. 89) is granted in part in that Plaintiff will be awarded in a separate judgment interest at the rate of 8% on long term disability benefits to which Defendant CNA determined Plaintiff was entitled; and

2.  Plaintiff's Motion for Entry of Judgment (Doc. No. 96) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[5]Although the Plaintiff and CNA have referred to Plaintiff's request for interest as a request for "prejudgment" interest, that request is really just a request for "interest" because there is no underlying court judgment.  *See Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 208 n.21 (3d Cir. 2004)("a plaintiff seeking to recover interest on the delayed payment of benefits where there is no underlying court judgment does not seek 'prejudgment' interest, but merely 'interest.'").